IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

BROOKS BELL,

Defendant.

No. CR 12-00375 WHA

**ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

## INTRODUCTION

Defendant Brooks Bell filed a motion for early termination of probation under 18 U.S.C. Section 3564(c). The government and probation oppose the motion. For the reasons set forth below, defendant's motion is **DENIED**, without prejudice to his ability to file a renewed motion in the future.

## BACKGROUND

Defendant will have completed twelve months of a twenty-four month period of supervision at the end of this month. Defendant's motion for early termination asserts that defendant "has cooperated fully with his probation officer and has been an exemplary probationer." The motion further alleges that Assistant United States Attorney Mark Marshall "stated prior to sentencing that he would have no objections to Defendant's early release from probation" (Dkt. No. 4 at 2).

Attorney Turner submitted an affidavit in support of defendant's motion, stating that he spoke with Assistant United States Attorney Tony Brown told Attorney Turner that "he had no

opposition to early release so long as the Defendant complied with all the conditions of supervised release satisfactorily" (Dkt. No. 11). Neither Attorney Marshall nor Attorney Brown submitted affidavits.

Defendant's probation commenced in this district on October 31, 2011. The government, through Special Assistant United States Attorney J. Mark Kang, has submitted an opposition to the motion, contending that early termination is premature. Probation also recommends against early termination at this time.

**ANALYSIS**

A court may, under factors set forth in 18 U.S.C. Section 3553(a), "terminate a term of probation . . . at any time after the expiration of one year of probation . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3564(c). Factors to be considered under Section 3553(a) include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. *United States v. Smith*, 219 F. App'x 666, 667 fn. 3 (9th Cir. 2007)

Probation states that defendant is "currently in compliance with the conditions of supervised release; however, the undersigned cannot characterize [defendant's] performance while on supervision as 'exemplary.'" Of the special conditions of supervision, defendant has completed substance abuse treatment and has paid the special assessment in full. The remaining special conditions are ongoing in nature, including substance abuse treatment and testing, refraining from use of alcohol and other intoxicants, and providing access to financial information and consent to search. Probation states that defendant's "adjustment to supervision has been satisfactory." Defendant has maintained contact with his probation officers, reported to probation as directed, and defendant's drug and alcohol tests have been negative. Nevertheless,

2

probation does not support early termination of defendant's probation. Concerns expressed include the nature of defendant's offense and the need to deter future criminal conduct.

Accordingly, defendant's motion for early termination of probation is **DENIED**, without prejudice to his ability to file a renewed motion in the future. The hearing set for October 16, 2012 is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: October 12, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE